IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAMARK WENDELL WILLIAMS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-24-1170-SLP |
| | ) |
| CARRIE BRIDGES, Warden,[1] | ) |
| | ) |
|     Respondent. | ) |

**O R D E R**

Petitioner, Lamark Wendell Williams, a state prisoner appearing pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is in the custody of the Oklahoma Department of Corrections. He was convicted of murder in the first degree and felon in possession of a firearm, in Case No. CF-2019-1252, District Court of Oklahoma County, State of Oklahoma. Petitioner was sentenced to life without parole on the first-degree murder conviction and to fourteen years' imprisonment on the felon-in-possession conviction.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred to United States Magistrate Judge Amanda Maxfield Green for initial proceedings. *See* Order [Doc. No. 3]. The Magistrate Judge issued a Report and Recommendation [Doc. No. 5] (R&R) recommending dismissal of the Petition. Petitioner timely filed an Objection [Doc. No. 6] to the R&R. Thus, the Court must make a de novo determination of the portions of the

---

[1] The Court adopts the Magistrate Judge's substitution of Carrie Bridges as the properly named respondent. *See* 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

R&R to which a specific objection has been made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

I.   **Procedural History /Grounds for Habeas Relief**

Petitioner filed a direct appeal of his state-court conviction which was affirmed by the Oklahoma Court of Criminal Appeals (OCCA). *See* Pet. [Doc. No. 1] at 2, ¶ 9. Petitioner then sought post-conviction relief in the state courts.[2] The state district court denied his application, but the OCCA found the state district court judge did not make findings in compliance with state post-conviction procedures, and specifically, Okla. Stat. tit. 22, § 1084. Accordingly, the OCCA remanded the matter to the state district court judge to make the proper findings. *See* OCCA Remand Order [Doc. No. 1-4]. The state district court judge then made the required findings. *See* Amended Order Denying Application for Post-Conviction Relief [Doc. No. 1-5]. And the OCCA affirmed the denial of post-conviction relief. *See* OCCA Order [Doc. No. 1-6]. In doing so, the OCCA rejected Petitioner's claims that: (1) trial counsel rendered ineffective assistance by failing to "argue and present his defense of involuntary intoxication due to the seriousness of his drug addiction/problem with PCP as his affirmative defense to the crime of first-degree malice murder"; and (2) appellate counsel rendered ineffective assistance for failing to raise the ineffective assistance of trial counsel claim on direct appeal. *See id*. at 2-7.

---

[2] As set forth below, the Petition raises claims arising from his state post-conviction proceedings.

Thereafter, Petitioner filed his Petition before this Court. The Petition raises three grounds for relief directed at the state court post-conviction proceedings:

> Ground One: The OCCA's order denying post-conviction relief resulted in a decision that is contrary to *Strickland v. Washington*, 466 U.S. 668 (1984) "*in its determination that [the state district court judge] addressed and denied each of Petitioner's ineffective assistance of counsel claims on its [sic] merits.*" *The state district court judge did not address each of Petitioner's claims of ineffective assistance of counsel*. "There's no mention of any review, consideration and/or determination based on any findings of fact and conclusions of law thereto, applying *Strickland* to the issues/claims of ineffective assistance [raised] in proposition ONE [of his post-conviction application]." Pet. at 8 (emphasis added).
>
> Ground Two: The OCCA's order denying post-conviction relief "failed to hold the district court in its remand to submit an order in compliance with [Okla. Stat. tit. 22, § 1084]." Pet. at 10. The state district court did not make "specific findings of facts and state expressly a conclusion of law, relating to each issue of ineffective [assistance] presented within [Petitioner's] pleadings." *Id*. "The OCCA agreed to these unsupported findings." *Id*. at 12.
>
> Ground Three: The district court and OCCA both failed to address and consider Petitioner's pleadings within his supplemental application for post-conviction relief and traverse/response in violation of his due process and equal protection rights. Pet. at 13-14. Petitioner has a right to be heard and relief grant[ed] as his request under the newly enacted provisions under the Oklahoma's Survivor's Act, [Okla. Stat. tit. 22, § 1090.1-5] was required to be heard." *Id*. at 14.

## II. Findings of the Magistrate Judge

The Magistrate Judge conducted a preliminary review of the Petition and found Petitioner's claims are not cognizable under § 2254.[3] The Magistrate Judge liberally construed the claims as challenges to the state court's post-conviction procedures, not the

---

[3] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

constitutionality of his judgment of conviction. *See* R&R at 5-6; *see also id*. at 6 ("Attacks on Oklahoma post-conviction procedure and procedural decisions made by the OCCA cannot form the basis of a habeas petition."). The Magistrate Judge acknowledged that Petitioner "reference[d] one specific instance of ineffective assistance of trial counsel" based on the "failure to argue and present evidence of involuntary intoxication." R&R at 6. But the Magistrate Judge found the "crux of Petitioner's argument is still that [the state district court judge] did not adequately address the claim on the merits." *Id*. Therefore, the Magistrate Judge found that claim, too, was not cognizable under § 2254. *Id*.

### III.    Discussion

The only objection raised by Petitioner that is specifically directed to the Magistrate Judge's findings is Petitioner's contention that those findings should be rejected because he did not consent to the jurisdiction of a Magistrate Judge. Obj. at 7. But this matter was not before the Magistrate Judge pursuant to 28 U.S.C. § 636(c) upon consent of the parties, as Petitioner suggests, and therefore, his objection is unfounded. Instead, this matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and pursuant thereto, she properly submitted proposed findings for review by this Court.

Petitioner otherwise reasserts his procedural challenge raised in Ground One of the Petition that the OCCA erred in its determination that the state district court judge "addressed and denied each of Petitioner's ineffective assistance of counsel claims on its [sic] merits." *See* Obj. at 3. The Court agrees with the Magistrate Judge that Petitioner is challenging the state's post-conviction procedures. Such claims are not properly before this Court on habeas review. *See Farrar v. Raemisch*, 924 F.3d 1126, 1134

(10th Cir. 2019) ("[I]rregularities in a state appellate court's handling of post-conviction proceedings do not support habeas relief because there is no constitutional right to post-conviction proceedings."); *see also Ray v. McCollum*, 727 F. App'x 517, 523 (10th Cir. 2018) (recognizing that "Oklahoma law establishes certain requirements for state district courts when ruling on a post-conviction application" to include "the necessity of findings, conclusions and evidentiary hearings" but concluding that "a violation of [these] state post-conviction requirements would not justify habeas relief").

  As the Tenth Circuit recently reiterated, "[f]rom time to time . . . prisoners seek habeas relief based on perceived errors in a state's corrective processes . . . but habeas relief is unavailable when the error involves only the post-conviction procedures rather than the imposition of the conviction or sentence." *Graham v. White*, 101 F.4th 1199, 1205 (10th Cir. 2024) (citing *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error [the petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."); *see also Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) (denying certificate of appealability on claims dismissed by the district court related only to errors that occurred in state post-conviction proceedings as under clear Tenth Circuit precedent such claims are not cognizable on federal habeas review). Accordingly, the Court fully concurs in the Magistrate Judge's analysis and finds that Petitioner's claims must be dismissed.[4]

---

[4] In *Graham*, the Tenth Circuit recognized that in "rare circumstances, a determination of state law can be so arbitrary or capricious as to constitute an independent due process violation." *Id*. at

## IV.     Conclusion

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 5] is ADOPTED in its entirety and the Petition is DISMISSED. A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review, the Court finds that Petitioner has not made the requisite showing as to any of the grounds for relief raised. The Court therefore DENIES a COA. The denial shall be included in the judgment.

IT IS SO ORDERED this 24th day of February, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

1204-05. The Court discerns no such claim based on the allegations of the Petition. Furthermore, as set forth, the OCCA clearly addressed (and rejected) Petitioner's claims that trial counsel was ineffective for failing to argue and present a defense of involuntary intoxication and that appellate counsel was ineffective for failing to raise on direct appeal the claim of ineffective assistance of trial counsel. *See* OCCA Order [Doc. No. 1-6] at 2 (identifying claims raised in post-conviction application); *see also id*. at 2-7 (denying on the merits Petitioner's claims of ineffective assistance of counsel).